IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALVIN TROY MARLAR, III                                                              PLAINTIFF

V.                                                              CAUSE NO.: 1:11CV191-SA-DAS

NORTHEAST MISSISSIPPI PLANNING
AND DEVELOPMENT DISTRICT, INC.;
SHARON GARDNER, IN HER OFFICIAL
CAPACITY AS EXECUTIVE DIRECTOR OF
NORTHEAST MISSISSIPPI PLANNING AND
DEVELOPMENT DISTRICT, INC.; SHARON
GARDNER, IN HER INDIVIDUAL CAPACITY, AND
IN HER INDIVIDUAL CAPACITY, AND
PROTECTIVE LIFE INSURANCE COMPANY                                 DEFENDANTS

MEMORANDUM OPINION

Defendants filed a Motion to Dismiss [9] asserting that Plaintiff lacks standing to enforce provisions of a contract to which he was not a party. Alternatively, they assert that his claims fail as a matter of law. Because Plaintiff is not a third party beneficiary, and therefore has no standing to bring the claims asserted, the motion is GRANTED and this case is DISMISSED.

*Factual and Procedural Background*

Plaintiff, Alvin Troy Marlar, III, is the son of the late Ann Cummings Vatalero ("Ann"). While she was living, Ann was the owner and sole shareholder of Carrington House, Inc. In 2001 and 2002, Carrington House, Inc., took out five loans from the Northeast Mississippi Planning and Development District ("NMPDD") totaling around $595,975.07. The loans were made through a number of federal revolving loan programs, and the documents used to memorialize the agreements were forms approved for use by the Revolving Loan Program. Federal regulations regarding the revolving loan programs exist governing the eligibility of applicants, permissible uses for funds, acceptable terms, interest rates, and post-loan monitoring.

Ann signed the paperwork for those loans on behalf of Carrington House, Inc. In accordance with federal regulations, Ann, as the key member of Carrington House, procured personal life insurance and assigned the policy to the NMPDD as a condition of those loans. Ann additionally made Plaintiff a beneficiary under that life insurance policy. In 2010, Marlar, who was at the time working as the Administrator at Carrington House, and his predecessor in that position, informed Sharon Gardner, the Executive Director of NMPDD, that Ann was misusing Carrington House funds and was receiving cash payments from residents and not reporting those payments on the Carrington House books. Gardner allegedly informed them that they were raising a federal tax issue about which she could do nothing.

Ann passed away on April 4, 2011. NMPDD filed a claim against her estate in the amount of $653,506.94. Plaintiff seeks a declaratory judgment that NMPDD is not entitled to the life insurance proceeds, an injunction prohibiting disbursement of those proceeds, a compensatory award of $600,000, punitives of $1,000,000, attorney's fees, and costs of court. Plaintiff claims that Defendants breached the contract with Carrington House by failing to take action and investigate Ann's alleged misuse of funds when they were alerted. Plaintiff also asserts that Defendants intentionally violated NMPDD's policies by failing to require Carrington House to submit information pursuant to the loan contracts, and that Sharon Gardner intentionally breached the contracts and policies of NMPDD in her individual capacity by ignoring the Administrators' warnings.

Defendants assert that because Plaintiff is not a third party beneficiary to the loan contracts, he lacks standing to bring these claims.

*Motion to Dismiss Standard*

In evaluating a Rule 12(b)(6) motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a defendant's motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has the requisite facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Although a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Id. A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the complaint and are central to the claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 499 (5th Cir. 2000). Further, a court may refer to matters of public record when deciding a motion to dismiss. Chauhan v. Formosa Plastics Corp., 212 F.3d 595, 595 (5th Cir. 2000).

*Discussion and Analysis*

There is no dispute that Plaintiff is not a party to the contract between Carrington House and NMPDD. A third party may maintain an action as a third-party beneficiary to enforce a promise made for his benefit. See Rein v. Benchmark Constr. Co., 865 So. 2d 1134, 1145-46 (Miss. 2004) (citing Burns v. Washington Savs., 171 So. 2d 322, 324 (1965)). With the

understanding that a contract is to be read as a whole using the "four corners" test, the Court must consider all relevant provisions of the policy in its determination of whether the plaintiff is a third-party beneficiary under the contract. Potomac Ins. Co. of Illinois v. Adams, 997 So. 2d 238, 240-41 (Miss. Ct. App. 2008). The Mississippi Supreme Court has stated that in order to be a third party beneficiary under a contract,

> the contract between the original parties must have been entered into for [the] benefit [of the third party], or at least such benefit must be the direct result of the performance with the contemplation of the parties as shown by its terms. There must have been a legal obligation or duty on the part of the promisee to such third person beneficiary. This obligation must have a legal duty which connects the beneficiary with the contract. In other words, the right (of action) of the third party beneficiary to maintain an action on the contract must spring from the terms of the contract itself. No right against the contract promisor or promisee is acquired by a "mere incidental beneficiary."

Rein, 865 So. 2d at 1146. The Fifth Circuit has also stated that to be a third-party beneficiary under a contract, the plaintiff must show that "the condition which is alleged to have been broken was placed in the contract [between third parties] for his direct benefit." Gerard J.W. Bos. & Co. Inc. v. Harkins & Co., 883 F.2d 379, 382 (5th Cir. 1989).

Plaintiff maintains that under the terms of the loan contract, he qualifies as a third-party beneficiary because Ann personally took out life insurance to secure the loans to Carrington House and he was the named beneficiary. Specifically, Plaintiff points to the Collateral Assignment Form signed on January 31, 2001, in which Ann assigned her life insurance policy proceeds to NMPDD. Part D of that form expressly notes that the assignment is held as "collateral security for any and all liability of the owner(s) or any of them to the Assignee, either now existing or that may hereinafter arise in the ordinary course of business between any of the owner(s) and Assignee (all of which liabilities are secured or to become secured are herein called liabilities)." Plaintiff construes this provision to mean that because Ann allegedly misused

4

federal loan funds, her actions were not in the "ordinary course of business," and thus, he became a beneficiary to the contract as his interests in the insurance proceeds were at risk.

First, the Collateral Assignment Form is not part of the contract and was not made part of the loan contract between NMPDD and Carrington House. Second, the Court fails to see how Plaintiff could be an intended beneficiary to the loan contract through the assignment of benefits documentation. Third, there is no indication that, even if the provision were as the Plaintiff reads it, it was included for the benefit of Plaintiff.

Plaintiff has failed to bring forth any contractual language from the loan documents between NMPDD and Carrington House that would indicate the parties intended to directly benefit Plaintiff. The Court has scoured the documents attached to the Complaint, as well as Defendants' motion and Plaintiff's response, and has been unable to locate any provision evidencing an intent to benefit Plaintiff in those filings.

As all claims brought by Plaintiff involve the loan contracts entered into between Carrington House and NMPDD, and Plaintiff is not a third party beneficiary under the laws of this State, the Complaint is hereby DISMISSED, as Plaintiff lacks standing to assert those claims. Defendants' Motion to Dismiss [9] is GRANTED.

SO ORDERED, this the 26th day of November, 2012.

                                              /s/ Sharion Aycock
                                              **U.S. DISTRICT JUDGE**